(No. 4277- )

KEITH PORTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

McCOLLUM· AND McCOLLUM, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

On March 8, 1949, the claimant, Keith Porter, employed by the respondent in the Department of Public Works and Buildings, Division of Highways, as a Highway section man, was assigned to mix gravel and bituminous material, which was to be used in patching broken places in pavement surfaces. This was done by first drying the gravel in a power-driven rotary drum heated mixer, and after the gravel was properly dried, the bituminous material was added and mixed with the gravel. The work was being done at a Division storage lot approximately one mile west of Flora in Clay County.

At approximately 1:00 P.M., a charge of gravel was being dried in the mixer, when the claimant, Keith Porter, reached into the mixer to secure a sample of the gravel to test for dryness. As he reached into the mixer, the revolving blades caught his right hand, and crushed it between the mixer drum and one of the blades.

After releasing his hand, Mr. Porter went to Dr. E. D. Foss, Flora, Illinois, for treatment, and reported his injury to the Division the same day.

On March 28, 1949, Dr. Foss made the following report:

"Nature of Injury—Wound, lacerated, multiple, hand, right, severe. Treatment—Cleansing, irrigation and primary closure of the lacerations with non-absorbable suture material following debridement. Penicillin in oil, daily, and tetanus antitoxin administered. Sterile dressings and immobilization of the hand. As of this date, wounds are healing nicely except for small area of slough near 4th finger that will not demand skin graft. Some edema and stiffness of hand. Finger exercises to be started. (Tendons to 2 and 4 fingers not lacerated but exposed, causing stiffness.) X-rays—Negative for fractures or dislocation. Estimated date of discharge—April 15, 1949. Estimated date patient able to work—Doing some work now. What permanent disability do you expect?—Possibility of some finger stiffness. Otherwise none."

Dr. Foss made a subsequent report on April 14, 1949:

"Treatment carried out under general anesthesia. Date patient was discharged—April 14, 1949. Date able to work—App. April 1, 1949. Permanent disability—Some stiffness of fingers of right hand at present with slight edema which should resolve or the most part at least with use of the fingers and hot soaks. All wounds completely healed. Temporary disability when discharged—None."

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and claim for compensation was made within the time provided by the Act. The accident arose out of and in the course of claimant's employment. No claim is made for temporary total disability, nor for medical expenses, which were paid by the respondent. Claim, however, is made for total permanent disability.

Claimant was 30 years of age, married, and had two children under 16 years of age dependent upon him for support at the time of the accident.

He was first employed by the Division on March 3, 1949, as a Highway section man at a salary of $203.00 a month. His classification and salary rate remained the same, and he worked continuously from the date of his employment until his injury on March 8, 1949. Other

Division employees, working in the same classification as Mr. Porter, worked continuously through the year, and earned $2,236.00 a year. His compensation rate is, therefore, the maximum of $15.00; since he had two children under the age of 16 years dependent upon him for support at the time of the accident, the weekly maximum rate is increased to $16.00 per week. The injury, having occurred after July 1, 1947, this must be increased 30 per cent, making a compensation rate of $20.80 per week.

From the medical testimony, and the personal observations of the Commissioner of this Court, we are of the opinion that, as a result of the accident on March 8, 1949, claimant has suffered a 50 per cent partial, permanent loss of use of the first finger of his right hand, being 20 weeks; and a 50 per cent partial, permanent loss of use of the third finger of his right hand, being 12½ weeks.

An award is, therefore, made in favor of claimant, Keith Porter, for the sum of $416.00 for the first finger of right hand, and for the sum of $260.00 for the third finger of right hand, or a total of $676.00. The respondent has paid the claimant the sum of $25.04 as an overpayment for non-productive time from March 9, 1949 to March 15, 1949. This amount must be deducted from the claimant's award. This would make a total award due claimant of $650.96, all of which has accrued and is payable forthwith.

The testimony at the hearing before Commissioner Frank Summers was taken and transcribed by Marian McKnelly, who has submitted a statement for her services in the amount of $10.00, payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."